Middleton, J.,
concurring. I concurred in the Wrenn case because of a conviction that the provision contained in Section 5498, General Code, requiring reference to Sections 5328-1 and 5328-2 as a guide in determining the value of intangible property, necessitated the application and use of the definition of “investments” contained in Section 5323. If the objective to be obtained under Section 5498 were the determination of the value of the intangible property for taxation as such, the conclusion reached and the procedure adopted in the Wrenn case would be proper. It is clear, however, that the purpose of Section 5498 is to determine a franchise-tax base measured by the value of the issued and outstanding shares of stock and not to determine the value of intangible property for taxation as such. I am now convinced that cross-reference to Sections 5328-1 and 5328-2 is for the purpose only of utilizing the mechanics of those sections to determine the portion of the value of the outstanding shares of stock owned or used in this *177 state. When Section 5498 is so construed and applied solely for the purpose of determining a franchise-tax base, the previously conceived objection to inclusion of federal securities in determining the value of the outstanding shares of stock disappears.